**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00281-CR**
_____

**KIPP KENNETH LUSTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-16934**

## MEMORANDUM OPINION

A jury convicted Kipp Kenneth Luster of possession of a controlled substance and assessed a punishment of twenty years in prison. In one appellate issue, Luster complains of the trial court's decision to grant one of the State's challenges for cause. During voir dire, potential juror number one stated that she could not give a young man a sentence of ninety-nine years for a drug offense, and she expressed a belief that drug-related offenses are overcharged and the sentences

excessive. The trial court granted the State's challenge for cause to juror one. Luster did not object to the trial court's ruling.[1]

"A party must object to the granting of a challenge for cause before he can complain of that action on appeal." *Ortiz v. State*, 93 S.W.3d 79, 88 (Tex. Crim. App. 2002); *see Simpson v. State*, 119 S.W.3d 262, 267 (Tex. Crim. App. 2003) (Having failed to object at trial, appellant's complaints that the trial court erred by sustaining the State's challenges for cause were not preserved.); *see also Ham v. State*, 355 S.W.3d 819, 823 (Tex. App.—Amarillo 2011, pet. ref'd) ("Improper dismissal for cause requires objection."). Because Luster failed to object when the trial court granted the State's challenge for cause, his sole issue is not preserved for appellate review and is overruled. We affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

---

[1]We note that potential jurors who state they cannot consider the full range of punishment may properly be struck for cause. *See Granados v. State*, 85 S.W.3d 217, 230 (Tex. Crim. App. 2002) ("The State may challenge for cause a venire member" who has a bias or prejudice against . . . any phase of the law on which the State is entitled to rely for conviction or punishment. Jurors must be able to consider the full range of punishment provided by law for the crime charged.") (footnotes omitted).

Submitted on April 6, 2016
Opinion Delivered April 13, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.